NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN JACKSON, | : | |
| | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| HOME DEPOT U.S.A., INC., | : | Civil Action 2:11-cv-1469(DMC)(JAD) |
| | : | |
| Defendant | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Alan Jackson ("Plaintiff") for an entry of default judgment, and a cross motion by Home Depot U.S.A. ("Defendant") to dismiss pursuant to Fed. R. Civ. P. 4(m) or 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated herein, Defendant's motion will be **granted,** and Plaintiff's case will be dismissed without prejudice.

I.    **BACKGROUND**

      There are almost no facts contained in Plaintiff's complaint on which the Court can understand or recite the basis for this law suit. Apparently, Plaintiff was employed by Defendant as an hourly employee. Plaintiff claims to have a disability that would entitle him to protection from the Americans with Disabilities Act ("ADA"), but he has shared nothing with the Court about his unspecified disability, or the applicability of the ADA to his situation. The only fact that Plaintiff alleges is that Defendant "has more than 2,100 stores throughout the United States, Canada and Mexico." (See Dock. 5-1) It appears that Plaintiff resigned from Defendant's employ

on February 23, 2010. (See Dock. 1) Plaintiff filed a charge with the EEOC which was dismissed on December 13, 2010 pursuant to the EEOC's finding that they were "unable to conclude that the information obtained establishes violation of the statutes." (See Dock. 1). Plaintiff was instructed that he had 90 days in which to file a lawsuit. The instant suit was brought on March 14, 2011. Service of process was never effectuated on Defendant, apparently because Plaintiff was under the mistaken belief that electronic filing by the clerk's office would be sufficient to meet his obligation of giving notice to Defendants. (See Dock. 5, paragraph 4). Although Plaintiff's motion for default judgment was served by mail, the underlying complaint was not. Because Defendant was never noticed of the original lawsuit, default is inappropriate and therefore, denied.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The complaint must state " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Wilkerson v. New Media Tech. Charter School Inc.,* 522 F.3d 315, 321 (3d Cir.2008) ( quoting *Twombly,* 550 U.S. at 556). The

Court of Appeals has recently made clear that after *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) ( *quoting Iqbal,* 129 S.Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal:* "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 210-11 ( *quoting Iqbal,* 129 S.Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949.

**III.     DISCUSSION**

Plaintiff's complaint is so bare bones and conclusory that the Court can not reasonably even entertain it as a complaint. Although the Court recognizes that Plaintiff is a *pro se* litigant, the standards for pleading a colorable complaint can not be relaxed to the level of allowing no recitation of facts whatsoever. The Court notes that Plaintiff understands that his needs would be

best served if he were represented by counsel. Although the letter he filed requesting 45 days to seek counsel (see Dock. 8) was untimely and will not be considered by the Court, the instant complaint will be dismissed without prejudice. If Plaintiff is not time barred or otherwise unable to bring an appropriately well pled law suit, he may do so at a later time. If Plaintiff retains counsel, the Court presumes that the proper procedure for service of process will be followed as well in any subsequent action.

### IV.     CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **granted without prejudice**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:       July  25 , 2011
Original:   Clerk
cc:         All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.